UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**DYVON SNOW,**
      **Plaintiff,**

vs.                                              05-1118

**ORANGE CRUSH TACTICAL TEAM,**
**C/O SMITHSON, Commander,**
**C/O NEAL, Tactical Member #2,**
**C/O DONALD GISH, C/O SGT.**
**KOTTONCAMP, C/O ANDERSON,**
**Tactical Member #1, DR. ANGUS,**
**and C.M.T. JOEL,**
      **Defendants.**

## ORDER

Before the court is the defendants unopposed summary judgment motion [18]. The defendants are Jeremy Anderson, (sued as Anderson), Alton Angus (sued Angus), Donald Gish, Richard Joyal (sued as Joel), Jerry Kottkamp (sued as Kottoncamp), Eric Neal (sued as Neal), and Robert Smithson (sued as Smithson).

### Standard

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.56(c); *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)*; Herman v. National Broadcasting Co., Inc.*, 744 F.2d 604, 607 (7th Cir. 1984), *cert. denied*, 470 U.S. 1028 (1985). In determining whether factual issues exist, the court must view all the evidence in the light most favorable to the non-moving party. *Beraha v. Baxter Health Corp.,* 956 F.2d 1436, 1440 (7th Cir. 1992). Further, this burden can be satisfied by "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If such a showing is made, the burden shifts to the non-movant to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Outlaw*, 259 F.3d at 837. A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position. *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 178 (7th Cir. 1994). Credibility questions "defeat summary judgment only '[w]here an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate

their credibility.'" *Outlaw*, 259 F.3d at 838, *citing* Advisory Committee Notes, 1963

Amendment to Fed. R. Civ. P. 56(e)(other citations omitted).

Fed. Rule Civ. Pro. Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial." *Mechnig v. Sears, Roebuck & Co.*, 864 F.2d 1359 (7th Cir. 1988). A "metaphysical doubt" will not suffice. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Disputed facts are material only if they might affect the outcome of the suit. *First Ind. Bank v. Baker,* 957 F.2d 506, 507-08 (7th Cir. 1992). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, *247-248, 106 S.Ct. 2505, 2510 (1986).

## Background

The plaintiff is currently incarcerated at Pontiac Correctional Center. He has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The plaintiff claims that his Eighth Amendment right to be free of cruel and unusual punishment and his Fourteenth Amendment right to due process were violated on July 10, 2003. These claims are based on a cell extraction of the plaintiff which occurred on July 10, 2003.

## Material Facts Claimed to be Undisputed

1. The plaintiff, Devon Snow is incarcerated in Pontiac Correctional Center (Pontiac), Pontiac, Illinois.
2. The incident that gave rise to this complaint, a cell extraction of the plaintiff, occurred on July 10, 2003. (Plaintiff's Complaint, p. 5 ¶ 6; See d/e [4]).
3. The defendant Smithson is a correctional officer and a member of the Tactical Team at Pontiac. (Plaintiff's Complaint, p. 1 ¶ 3).
4. The defendant Neal is a correctional officer and a member of the Tactical Team at Pontiac. (Plaintiff's Complaint, p. 1 ¶ 4).
5. The defendant Gish is a Lieutenant at Pontiac. (Plaintiff's Complaint, p. 1 ¶ 5).
6. The defendant Kottkamp is a Sergeant at Pontiac. (Plaintiff's Complaint, p. 2 ¶ 1).
7. The defendant Anderson is a correctional officer and a member of the Tactical Team at Pontiac. (Plaintiff's Complaint, p. 2 ¶ 2).
8. The defendant Angus is a psychiatrist at Pontiac. (Plaintiff's Complaint, p. 2 ¶ 4).
9. The defendant Joel is an Emergency Medical Technician at Pontiac. (Plaintiff's Complaint, p. 2 ¶ 5).
10. The plaintiff alleges that excessive force was used during the cell extraction that occurred on July 10, 2003. (Plaintiff's Complaint, p. 9 ¶ 26, 29).
11. The plaintiff alleges that the defendants violated his due process rights during the cell extraction that occurred on July 10, 2003. (Plaintiff's Complaint, p. 10 ¶ 1).

12. No grievance was filed by the plaintiff regarding the incident that occurred on July 10, 2003. (See Affidavit of Terri Anderson attached as Exhibit 1 to defendants' memorandum of law.  See d/e [10]).
13. The plaintiff has failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act.

Discussion and Conclusion

The plaintiff has failed to exhaust his administrative remedies in this matter as required by the Prison Litigation Reform Act.  Pursuant to the Prison Litigation Reform Act, all prison inmates bringing an action under 42 U.S.C. §1983, with respect to prison conditions, must first exhaust all administrative remedies that may be available to them before being allowed to proceed with the lawsuit. (42 U.S.C. §1997e(a)).  Section 1997e(a) specifically provides:
No action shall be brought with respect to prison conditions under section 1983 by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies are exhausted.  The statute is clear and suits must be dismissed if administrative remedies are not followed.  *Perez v. Wisconsin Dept. of Corrections,* 182 F.3d 533, 534 (7th Cir. 1999).  Prisoners must timely appeal any denials from the grievance officer or Warden to the Administrative Review Board by a prisoner, and the Director of Corrections.  See 20 Ill. Admin. Code 504.850. Plaintiff's suit must be dismissed if administrative remedies are not fully exhausted, and the "district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez*, 182 F.3d at 535.  That exhaustion of administrative remedies would be futile is no exception or excuse to the exhaustion requirement. *Perez*, 182 F.3d at 537.  Subsequently, the United States Supreme Court clarified Perez, and precluded any futility exception, and explicitly held that an inmate seeking only money damages must also exhaust all administrative remedies prior to filing suit. *Booth v. Churner*, 121 S. Ct. 1819 (2001).

In order to fully exhaust administrative remedies, plaintiffs are required to file a grievance regarding an issue at the institutional level; receive a response from the Chief Administrative Officer of the institution (Warden) and, if the Warden denies the grievance, appeal the denial to the Administrative Review Board (ARB). 20 Ill. Admin. Code 504.850.  The plaintiff does not oppose the defendants' contention that he did not file a grievance regarding the cell extraction that occurred on July 10, 2003.  Therefore, the court finds the plaintiff has failed to exhaust the grievance procedure on the issue of excessive force or deprivation of due process arising from the July 10 cell extraction.   Therefore, the plaintiff's lawsuit must be dismissed.

**It is therefore ordered:**

1. **Based on the foregoing, the defendants' summary judgment motion is granted to the extent the plaintiff's complaint is dismissed pursuant to 42 U.S.C. §1997e(a) for failure to exhaust administrative remedies [18].**

2. The clerk of the court is directed to terminate the plaintiff's entire lawsuit forthwith. Any remaining matters are rendered moot. The parties are to bear their own costs.

Enter this 30th day of August 2006.

          s\Harold A. Baker

        _____
          Harold A. Baker
         United States District Judge